UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COMMUNITY ASSOCIATION FOR RESTORATION OF THE ENVIRONMENT, INC., a Washington non-profit corporation,<br><br>                  Plaintiff,<br><br>   v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>                  Defendant. | NO: 13-CV-3067-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND TO STAY DISCOVERY |

BEFORE THE COURT is Defendant United States Environmental Protection Agency's Motion for a Protective Order and Motion to Stay (ECF No. 21), and Plaintiff Community Association for Restoration of the Environment's Motion for a Telephonic Status Conference (ECF No. 26) and Motion to Expedite (ECF No. 28). This matter was submitted for consideration without oral argument.

ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND TO STAY DISCOVERY ~ 1

The Court has reviewed the briefing and the record and files herein, and is fully informed.

## BACKGROUND

This case involves Plaintiff's Freedom of Information Act ("FOIA") requests from Defendant. Before the Court is Defendant's motion for a protective order and motion to stay pending the Court's determination of Defendant's forthcoming motion for summary judgment.

## FACTS

Plaintiff Community Association for Restoration of the Environment ("CARE") requested information from the Environmental Protection Agency ("EPA") pursuant to the FOIA, seeking groundwater sampling results (Request One); records of communications between Washington State dairies and EPA Region 10 personnel (Request Two); information about implementation of the Administrative Order on Consent with respect to those dairies (Request Three); and records relating to the EPA's agreement in another litigation with respect to production of records in another care, *American Farm Bureau Federation v. Environmental Protection Agency*, 0:13-cv-01751-ADM-TNL (D. Minn. 2013) (Request Four). Second Amended Complaint, ECF No. 20. As Defendant notes, Plaintiff is engaged in litigation in four separate matters against several Yakima Valley dairies, actions to which the EPA is not a party. *See CARE v. Cow Palace*,

1  LLC, 2:13-cv-3016-TOR*; CARE v. George & Margaret, LLC*, 2:13-cv-3017;

2  *CARE v. D&A Dairy, et al.,* 2:13-cv9-3018-TOR; and *CARE v. Henry Bosma*

3  *Dairy, et al,* 2:13-cv-3019-0TOR. Plaintiff's requests one through three ostensibly

4  relate to those cases.

5        CARE subsequently sued the EPA, seeking declaratory and injunctive relief

6  and alleging that the EPA violated the FOIA and the Administrative Procedure Act

7  ("APA") by failing to provide a legally adequate determination resolving one of

8  CARE's FOIA requests within the time limits prescribed by law; failing to abide

9  by statutory and regulatory procedures in responding to and processing CARE's

10  FOIA requests; unlawfully withholding from public disclosure information sought

11  by CARE; and maintaining an illegal pattern, practice, and policy of unreasonably

12  and unlawfully delaying production or refusing to produce records unresponsive to

13  FOIA request based on justifications not cognizable under the statute. Second

14  Amended Complaint, ECF No. 20.

15        CARE's interrogatories and requests for production seek, *inter alia*,

16  information about the EPA employees who ordered EPA Region 10 personnel to

17  withhold responsive documents and who were involved with the agency's response

18  to CARE's FOIA request. *See* ECF No. 21-1 at 7-9. They also request information

19  about the "extraordinary circumstances" the EPA may contend formed the basis for

20  its course of action, and all facts upon which it based its decision not to respond to

CARE's FOIA request regarding the AFBF litigation. *Id*. at 9. CARE also requests all facts including the timing of each step in the process through which the EPA has been reviewing records responsive to Request Two. *Id*. at 10. CARE also requests all documents related to its interrogatories. *Id*.

In the motion now before the Court, Defendant seeks a protective order staying discovery until after the Court's ruling on the parties' forthcoming summary judgment motions, arguing that discovery related to Plaintiff's FOIA claims is inappropriate and would be unduly burdensome to the EPA. ECF No. 21 at 2. CARE counters that the motion should be denied because EPA's upcoming motion for summary judgment will not dispose of CARE's pattern and practice claim and because EPA has not established good cause under Fed. R. Civ. P. 26(c).

In addition, Plaintiff seeks a telephonic status conference regarding Plaintiff's request to stay the dispositive motion deadlines pending resolution of the EPA's motion for a protective order and to stay discovery. ECF No. 26.

## DISCUSSION

Protective orders are governed by Fed. R. Civ. P. 26(c):

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense…."

A district court "has wide latitude in controlling discovery, and its rulings will not be overturned in absence of a clear abuse of discretion." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (quoting *White v. City of San Diego,* 605 F.2d 455, 461 (9th Cir. 1979) (internal quotations omitted)). "While ordinarily the discovery process grants each party access to evidence, in FOIA and Privacy Act cases discovery is limited because the underlying case revolves around the propriety of revealing certain documents." *Id*. (citing *Wiener v. FBI,* 943 F.2d 972, 977 (9th Cir. 1991)). "Accordingly, in these cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery." *Id. See also Miscavige v. IRS,* 2 F.3d 366, 369 (11th Cir. 1993) ("The court's denial of discovery ... was within [its] discretion.... Generally, FOIA cases should be handled on motions for summary judgment...."); *Simmons v. Dep't of Justice,* 796 F.2d 709, 711–12 (4th Cir. 1986) ("[T]he district court has the discretion to limit discovery in FOIA cases and to enter summary judgment on the basis of agency affidavits ....").

To prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving

reasonably detailed explanations why any withheld documents fall within the exemption are sufficient to sustain the agency's burden," and are given a "presumption of good faith." *Id*. Therefore, "discovery relating to the agency's search and exemptions its claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face." *Id*. If this is the case, "the district court may forgo discovery and award summary judgment on the basis of affidavits." *Id*. (citing *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)).  "In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is not appropriate." *Id*. (internal citations omitted).

In *Lane*, the Ninth Circuit affirmed the district court's order delaying discovery until after its ruling on the government's summary judgment motion because plaintiff appeared to be requesting via discovery the very information that was the subject of the FOIA complaint. *Lane*, 523 F.3d at 1134-35.

Here, as the Ninth Circuit noted with respect to the FOIA requests in *Lane*, the case revolves around the propriety of revealing certain documents. 523 F.3d at 1134. To allow full discovery now would defeat the purpose of the exceptions and limitations to production pursuant to FOIA requests. Under the Second Circuit's

ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND TO STAY DISCOVERY ~ 6

standard in *Carney*, the agency has an opportunity to explain its denial in a motion for summary judgment via affidavits and declarations, which are sufficient to satisfy the agency's burden. Thus, complete discovery is unnecessary at this stage.

Nor are Plaintiff's contentions persuasive. Plaintiff argues that *Carney* stands for the proposition that courts have allowed discovery where plaintiffs claim agency bad faith. ECF No. 25 at 5. But *Carney* concerns discovery after the agency had filed a motion for summary judgment and plaintiff moved to compel discovery. *Carney* specifies that the burden is on plaintiff to show bad faith after the agency has met its burden. Plaintiff likewise relies heavily on *Pacific Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 220 F.R.D. 349, 352 (N.D. Cal. 2003). But *Pacific Lumber* does not concern FOIA, and the parties had already filed motions for summary judgment. In the instant case, on the other hand, the parties have not yet filed for summary judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for a Protective Order and Motion to Stay (ECF No. 21) is **GRANTED.** Discovery is stayed until such time as the Court directs, after the Court's ruling on the parties' forthcoming motions for summary judgment.

2. If Plaintiff determines that additional discovery is needed to adequately support its motion for summary judgment, it may move the Court to

ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND TO STAY DISCOVERY ~ 7

1  allow discovery by submitting an itemized list of information needed

2  with explanations as to the items' relevance, pursuant to Fed. R. Civ. P.

3  56(d).

4     3. Having granted Defendant's motion staying discovery, there is no need to

5  extend the dispositive motion deadline so that Plaintiff can conduct

6  discovery.  Accordingly, Plaintiff's Motion for a Telephonic Status

7  Conference (ECF No. 26) is **DENIED as moot**.

8     4. Plaintiff's Motion to Expedite (ECF No. 28) is **GRANTED**.

9  The District Court Executive is hereby directed to enter this Order and

10 provide copies to counsel.

11    **DATED** March 27, 2014.



                    _Thomas O. Rice_
                    THOMAS O. RICE
                United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND TO STAY DISCOVERY ~ 8